IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ALLSTATE INSURANCE COMPANY | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No.: 1:18-cv-369 |
| KENNETH R. JACKSON and WILMA S. JACKSON | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This diversity action, brought pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, seeks a determination of whether and to what extent Plaintiff, Allstate Insurance Company ("Allstate") owes coverage to the Defendants, Kenneth and Wilma Jackson (collectively, "the Jacksons") under a Deluxe Homeowners Policy of Insurance issued by Allstate to the Jacksons insuring their residence. Before the Court is the Jacksons' "Motion to Dismiss or Transfer to State Court" [DE 7]. Allstate responded in Opposition to which the Defendants did not reply. For the following reasons, the Motion will be TAKEN UNDER ADVISEMENT and the parties will be directed to file additional briefs in accordance with this Order.

**BACKGROUND**

On September 19, 2015, the Jacksons suffered damage to their personal property and dwelling due to a lightning strike at their residence located at 10508 Wayne Trace Avenue, Fort Wayne, Indiana. On that date, Allstate had in effect a policy of homeowners' insurance, Policy Number 062-802-865 ("Policy"), issued to the Jacksons. Subsequently, the parties were unable to

agree on the value of the loss. Pursuant to the Policy terms and conditions, Wilma Jackson[1] sought relief in state court seeking appointment of an umpire to determine the loss value as provided for under the policy. See *Jackson v. Allstate Insurance Co.,* Lagrange Superior Court, Cause No. 44D01-1709-PL-000019. Subsequently, the state court appointed an umpire and, on September 28, 2018, the umpire rendered his decision. See Complaint, DE 1-2. Since that date, the case remains open in the state court and no formal final judgment has been entered.

Thereafter, on November 9, 2018, Allstate filed its Complaint in this Court seeking a declaration as to whether the umpire's award in the state court action is subject to all policy terms and conditions and whether any additional amounts are owed to the Jacksons. In their present motion, the Jacksons assert the present action is part and parcel of the original claim in state court and thus, move to dismiss the action or transfer it to the Lagrange Superior Court.

## **DISCUSSION**

"The Declaratory Judgment Act provides that any federal court, '[i]n a case of actual controversy within its jurisdiction ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.' " *Maytag Corp. v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America,* 687 F.3d 1076, 1081 (8th Cir. 2012) (citing 28 U.S.C. § 2201(a) ). "The phrase 'case of actual controversy' in § 2201 'refers to the type of "Cases" and "Controversies" that are justiciable under Article III.' " *Id.* (citing *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ).

"In the context of disputes between parties to a contract, the declaratory judgment remedy 'is intended to provide a means of settling an actual controversy before it ripens into a ... a breach

---

[1] Although Kenneth Jackson is a named insured on the policy as well as the owner of the premises where the loss occurred, he was not named in the state court action for reasons unspecified in the parties' filings.

of a contractual duty.' " Id. (citing Rowan Cos. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989) ). "If there is 'a real, substantial, and existing controversy .... a party to a contract is not compelled to wait until he has committed an act which the other party asserts will constitute a breach.' " *Id.* at 1081-82 (citing *Keener Oil & Gas Co. v. Consolidated Gas Utilities Corp.*, 190 F.2d 985, 989 (10th Cir. 1951) ). That said, a federal court is not required to hear every dispute brought to it under the Declaratory Judgment Act. Indeed, district courts possess "broad discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Ins. Co., 515 U.S. 277, 282* (1995).

Although the Jacksons have not utilized the term "abstention" anywhere in their brief nor have they discussed this doctrine in their motion, that is, in essence, exactly what the Jacksons seek in their motion. They urge this court to decline to hear Allstate's complaint due to a parallel proceeding in the Lagrange Superior Court. That proceeding remains pending and, they represent it involves the same issues, the same parties, and seeks the same relief as the action filed by Allstate here. Additionally, the Jacksons claim that the current action is barred by the two-year limitations provision in the Allstate policy. Thus, they contend that even if the Court decided to exercise its jurisdiction to hear the declaratory judgment action, it is time-barred and should be dismissed.

In response, Allstate urges the Court to deny the Jacksons' motion. Allstate first points out that the parties in the state court action are not identical to the present action, as Defendant Kenneth Jackson, who is a named insured and named in this action, is not named in the state court action. Second, Allstate argues that the relief sought by Allstate in this declaratory judgment action is different than the issue sought and resolved in the state court suit. Indeed, Allstate asserts that the sole relief sought in the state court action, i.e., appointment of an umpire for valuation and appraisal purposes, was granted by the court on July 18, 2018, and thus, the state court action is final and

3

there are no issues remaining in that case. As for the statute of limitations argument by the Jacksons, Allstate altogether fails to address it.

While there are numerous factors to consider in determining whether a federal court should abstain from deciding a declaratory judgment action, of paramount concern is whether the issue presented to the court in a declaratory judgment action is already being litigated in a pending state court suit. This doctrine, known as *Wilton–Brillhart* abstention, "applies when a federal court is called upon to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart v. Excess Ins. Co. of Amer.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (brackets, quotations, and ellipsis in original removed)). "In such a case, the question for the district court is whether the questions in controversy between the parties to the federal suit can better be settled in the proceeding pending in the state court." *Id.* (first quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), and then quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173) (quotations in original removed). "As the Court put it in *Wilton*, where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed." *Id.* (quoting *Wilton*, 515 U.S. at 283, 115 S.Ct. 2137) (quotations in original removed).

A review of the underlying state court filings and docket, do weigh somewhat in favor of this Court accepting jurisdiction. Contrary to the Jacksons representations, one of the key parties to the coverage issues presented in the declaratory judgment proceeding is not a party to the parallel state court action. Moreover, it appears that the Jacksons filed that action solely to have an umpire

4

appointed and a valuation of the amount of loss determined. None of the coverage issues sought to be resolved by Allstate are presented by the Jacksons in that suit. However, no final judgment has been entered in the state court proceeding which seemingly weighs against this Court exercising jurisdiction until that action is resolved.[2] Thus, the Court is not convinced that jurisdiction is currently appropriate or that the state court proceeding qualifies as a parallel proceeding sufficient to allow this court to decline jurisdiction. As a result, the Court would like additional briefing on the applicability of this abstention doctrine to the particular facts of this case.

Aside from this issue, the Jacksons also raise the issue that Allstate's suit in federal court is time-barred by the terms of the Policy. Yet, other than to mention the issue, the Jacksons only provide a cursory argument that it applies here and Allstate provides no response to the argument in their briefs. A simple review of the provision referenced by the Jacksons in their brief demonstrates that it is likely not applicable to Allstate's Complaint here. The relevant provision states:

> 12. **Suit Against Us**
> No one may bring suit against us [the insurer] in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which section I conditions applies unless:
>     a) There has been full compliance with all the policy terms; and
>     b) The action is commenced within two years from the date of loss.

Allstate Policy, DE 1-1, at p. 20. On its face, this two-year provision applies only to suits by the insureds against an insurer. This Declaratory Judgment action is not such a suit. Thus, the Court would like briefing on whether this provision bars the present action and, if not, whether a different statute of limitations, such as the statute of limitations for contract actions in Indiana, applies to

---

[2] Allstate seems to argue that even without a final judgment the state court proceeding is, essentially, final. However, under Indiana law, a trial court retains jurisdiction until it enters a final judgment in the case. *Hubbard v. Hubbard,* 690 N.E.2d 1219,1221 (Ind.Ct.App. 1988). Thus, the Lagrange Superior Court action does not appear from the docket provided to be final since no judgment has been entered.

permit the suit to continue.

## CONCLUSION

Based on the foregoing, the Jacksons' Motion is TAKEN UNDER ADVISEMENT. The parties are DIRECTED to file supplemental briefs. The Jacksons shall file their brief within 21 days. Allstate shall respond within 21 days and the Jacksons may reply within 10 days thereafter. In addition to filing these thoughtful, thorough, and complete supplemental briefs, the parties are strongly encouraged to settle this case.

Entered: This 4th day of February, 2019

s/ William C. Lee<br>United States District Court